UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ashley Clark | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | No. 2:20-cv-886 |
| | : | |
| Family Video, Inc. | : | |
| | : | |
|     Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## COMPLAINT

AND NOW, COMES Plaintiff Ashley Clark by and through her attorneys, Thomas B. Anderson, Esquire and Thomson, Rhodes & Cowie, P.C. and files this Complaint against Family Video, Inc., in support thereof avers as follows:

### JURISDICTION and VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

3. Plaintiff is an adult individual, who resides in Indiana, Indiana County, Pennsylvania.

4. Family Video, Inc. (Family Video) is a corporation with its corporate office located at 2500 Lehigh Ave., Glenview, IL, 60026. Family Video owns and operates stores at numerous locations across western Pennsylvania, including the Indiana location at 1235 Oakland Avenue, Indiana, PA 15701.

4. Family Video stores are a public accommodation as defined in Title III of the Americans with Disabilities Act ("ADA").

## FACTUAL BACKGROUND

5. Plaintiff is a person with a disability who has physical and/or mental conditions, including severe asthma that substantially limits her major life activity of breathing, and her respiratory system. The condition prevents Complainant from wearing a mask.

6. The events complained of occurred at the Indiana Family Video on June 11, 2020. Complainant attempted to enter the store without wearing a mask. Complainant was told she could not shop inside the store without a mask. Complainant informed the cashier that she cannot wear a mask because of her medical condition. Complainant asked to continue shopping without a mask due to her medical condition. The cashier told her it was store policy that she had to wear

a mask regardless of her medical condition and that company policy was "no mask, no service."  Complainant left the store without being permitted to shop in the store.

7. On April 15, 2020, Pennsylvania Governor, Tom Wolf issued a press release announcing that Dr. Rachel Levine, under her authority as Secretary of the Department of Health to take any disease control measures appropriate to protect the public from the spread of infectious disease, signed an order directing protections for critical workers at businesses authorized to maintain in-person operations during the Covid 19 disaster emergency.

8. The order, effective April 19, 2020, provided that businesses covered by the order should

> require all customers to wear masks while on the premises, and deny entry to individuals not wearing masks, unless the business is providing medication, medical supplies, or food, in which case the business must provide alternative methods of pick-up or delivery of such goods; **HOWEVER, INDIVIDUALS WHO CANNOT WEAR A MASK DUE TO A MEDICAL CONDITION (INCLUDING CHILDREN UNDER THE AGE OF 2 YEARS PER CDC GUIDANCE) MAY ENTER THE PREMISES AND ARE NOT REQUIRED TO PROVIDE DOCUMENTATION OF SUCH MEDICAL CONDITION.**

9. The Pennsylvania Department of Health subsequently published guidelines for businesses, which were updated on May 1, 2020.  The guidelines state:

> Q. If a customer refuses to wear a mask will they be turned away or will the customer be refused service?
>
> A. Yes, with the exception of businesses that provide medication, medical supplies, or food, which must offer another means for the customer to purchase goods if the customer is unable to wear a mask. Those means could include home delivery or contactless curbside pick-up. **However, individuals who cannot wear a mask due to a medical condition (including children under the age of 2 per CDC guidance) may enter the premises and are not required to provide documentation of such medical condition. … Businesses should advise customers of the Secretary's Order; <u>tell the customer that only those who cannot wear a mask due to a medical condition may enter the premises without a mask</u>; and advise the customer that almost any face covering would be acceptable.**
>
> Q. How do businesses avoid confrontation with customers who do not wear a mask?
>
> A. … **[B]usinesses should advise customers of the Secretary's Order; tell the customer that only persons who cannot wear a mask due to a medical condition do not have to comply with the requirement to wear a mask….**

10.     Despite the Pennsylvania Secretary of Health's order and guidelines above and CDC guidance to the contrary, Family Video implemented policies and procedures that require all customers to wear masks even if they are disabled and they cannot wear a mask due to their medical conditions. This policy flies in the face of recommendations from the CDC which state **"Cloth face coverings should not be placed on young children under the age of 2, anyone who has trouble breathing, or is unconscious, incapacitated, or otherwise unable to remove the**

**mask without assistance."** The CDC also directs individuals to make sure when using a face covering that you do not have any difficulty breathing while wearing the cloth face covering.

11. Family Video's policies and procedures make no accommodations for invitees who wish to shop in its Pennsylvania stores who have disabilities that prohibit wearing a mask or make wearing a mask dangerous to the invitees.

12. Family Video's policy and procedure violated Title III of the ADA and the PHRA because Plaintiff was denied equal enjoyment of the public accommodation because of her disability.

### Count I – Violation of Title III of the ADA.

13. Plaintiff incorporates by reference the averments of Paragraphs 1-12 of the Complaint as if the same were set forth in full.

14. At all times relevant to this action, the ADA was in full force and effect in the United States.

15. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases, (or leases to), or operates a place of public accommodation. Under the terms of the ADA, discrimination includes a failure to provide services to a disabled person to the extent that such services are provided to non-disabled

persons. The ADA requires that goods, services, facilities, privileges, advantages, and accommodations be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

16. Title III of the ADA, which applies to public accommodations such as Family Video, establishes the general rule that no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation.

17. Plaintiff is an individual with a disability within the meaning of the ADA because Plaintiff has a physical and mental impairment that substantially limits one or more of Plaintiff's major life activities and systems as described herein.

18. Plaintiff requested a modification to the mask policy due to her disability. The request was reasonable and in accordance with the recommendations and orders of the Pennsylvania Health Secretary and the CDC. Such modification would have allowed Plaintiff to enjoy full and equal enjoyment of the store as provided to people who are not disabled and are able to comply with the request to wear a mask without potentially subjecting themselves to respiratory distress and/or other physical or mental injuries or ailments.

19. Defendant is a business that owns, leases, or operates a place of public accommodation within the meaning of the ADA because Defendant owns, leases, or operates a store and provides items and services to members of the public and is a sales or rental establishment.

20. Defendant is in violation of the ADA because it discriminated against Plaintiff on the basis of Plaintiff's disability in the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of Family Video because it denied Plaintiff the services, facilities, privileges, advantages, and accommodations of the store in the most integrated setting appropriate to Plaintiff's needs, because it refused her access to, and enjoyment of the store without wearing a mask based on her disability.

21. Defendant's policies and practices have, are, and will cause irreparable harm to the Plaintiff.

22. Plaintiff intends to continue to shop at the Family Video store.

23. Family Video's mask policy constitutes evidence that, absent an injunction, Family Video has no intent to comply with the legal requirements of the ADA or to train its employees of their need to comply with the ADA.

24. Plaintiff did not pose a direct threat to the health or safety of others. There was no significant risk to the health or safety of others that could not be eliminated by a modification of Family Video's policies, practices and procedures.

Social distancing and other safety precautions were in place at the store, Plaintiff had no signs or symptoms of Covid 19, and the Pennsylvania Health Secretary's order, guidelines, and CDC guidelines recognized the need for a medical exception to the mask requirement.  Family Video simply did not want to be bothered with the exception, despite the fact that it had no basis to conclude that Plaintiff was a direct threat to the health or safety of others.  Family Video made no individual assessment that considered Plaintiff's actual abilities or disabilities, instead, Family Video has adopted a broad discriminatory policy based on generalizations and stereotypes.

25.     Plaintiff requests that the court award her injunctive relief requiring Family Video to accommodate Plaintiff by allowing her to shop in its stores without wearing a mask so that she may enjoy the benefits, privileges, goods, services facilities, advantages, and accommodations including equal access to and enjoyment of Family Video's stores in the future.  To affect such relief to Plaintiff, it may be appropriate for the court to provide clear protocols to all Family Video employees advising that persons who cannot wear a mask inside the store due to a disability must be accommodated.  Family Video should be required to train its employees about its legal obligations and to post and disseminate notice to Family Video employees regarding their legal obligations under the ADA and the PHRA.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

### Count II – Retaliation and Coercion in violation of the ADA.

26. Plaintiff incorporates by reference the averments of Paragraphs 1-25 of the Complaint as if the same were set forth in full.

27. Defendant engaged in threats, intimidation and interference as set forth herein against Plaintiff after she asserted her rights under the ADA.

28. Defendant's threats, intimidation and interference was intended to interfere with Plaintiff's protected legal rights under the ADA.

29. Defendant's retaliation was caused by Plaintiff's protected conduct.

30. Defendant should be enjoined from retaliating against Plaintiff for refusing to wear a mask while shopping at Family Video.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

Respectfully submitted,

THOMSON, RHODES & COWIE, P.C.

Dated June 15, 2020        /s Thomas B. Anderson_____
                           Thomas B. Anderson, Esquire
                           PA I.D. #79990

                           THOMSON, RHODES & COWIE, P.C.
                           Firm No. 720
                           Two Chatham Center, 10th Floor

Pittsburgh, PA  15219
(412) 232-3400

Attorneys for the Plaintiff