UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY CLARK,  :<br>       :<br>   Plaintiff,  :<br>       :   Case No. 2:20-cv-00886-WSS<br>   vs.   :<br>       :<br>FAMILY VIDEO, INC.,  :<br>       :<br>   Defendant.  : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)1**

Defendant, Family Video, Inc. ("Family Video"), submits the following memorandum of law in support of its motion to dismiss Plaintiff Ashley Clark's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dismissal of Plaintiff's claim under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA") is warranted because the permanent closure of all Family Video stores, the places of public accommodation that are the subject of this suit, has rendered Plaintiff's claim moot. The ADA provides only injunctive relief, which, due to Family Video's permanent cessation of operations, cannot be granted. With no relief available to redress Plaintiff's alleged grievance, her ADA claim must be dismissed as moot.

Having disposed of the only claim over which this Court has original jurisdiction, Defendant requests that the Court decline to exercise supplemental jurisdiction over the remaining state law claim, which consists of an alleged violation of the Pennsylvania Human Relations Act ("PHRA"), as is permitted by 28 U.S.C. § 1367(c)(3).

I.      BACKGROUND

In the Amended Complaint, Plaintiff alleges that she has severe asthma, a disability that prevents her from wearing a mask. (Dkt. No. 15, Amend. Compl. ¶ 7.) According to Plaintiff, on June 11, 2020, she was not permitted to shop inside a Family Video store, located at 1235 Oakland Avenue, Indiana, PA 15701, without a mask. (Amend. Compl. ¶ 8.) This interaction forms the basis of Plaintiff's two-count complaint.

In Count I, Plaintiff claims that Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA") by refusing to allow her to shop in a Family Video store without a mask. (Amend. Compl. ¶ 22.) For this alleged violation, Plaintiff seeks declarative and injunctive relief. Plaintiff claims that she "intends to continue to shop at the Family Video store" (Amend. Compl. ¶ 25), and absent an injunction requiring Defendant to allow her to shop in the store without a mask, she will not be able to enjoy equal access to Family Video's goods and services. (Amend. Compl. ¶ 27.)

Plaintiff will not be able to receive this requested relief, however, because all Family Video stores are closing. On January 25, 2021, the Family Video store in question, located at 1235 Oakland Avenue, Indiana, PA 15701, ceased all operations and was permanently closed. (Westberg Decl. ¶ 2.)  All other Family Video store locations have been (or imminently will be as inventory is liquidated) permanently closed as well. (Westberg Decl. ¶ 3.)  There are no plans to reopen any Family Video store at any time. (Westberg Decl. ¶ 4)

In Count II of her Amended Complaint, Plaintiff contends Defendant also violated the Pennsylvania Human Relations Act ("PHRA") when it refused to allow her to shop inside a Family Video store without a mask. (Amend. Compl. ¶¶ 29-30.) For this violation, Plaintiff seeks damages for her "emotional distress, mental anguish, embarrassment, humiliation, and inconvenience." (Amend. Compl. ¶ 30.)

2

**II.     ARGUMENT**

    **1.     Plaintiff's ADA Claim Should Be Dismissed As Moot**

Article III of the Constitution restricts the power of federal courts to "Cases" and "Controversies" such that federal courts may not "decide questions that cannot affect the rights of litigants in the case before them." *Chafin v. Chafin,* 568 U.S. 165, 171-72 (2013). Article III requires an actual controversy at all stages of review, not merely at the time the litigation commenced. *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). That is, "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 698–99 (3d Cir. 1996). Such is the case here.

Plaintiff alleges that Defendant violated the ADA by refusing to allow her to shop in the Family Video store located at 1235 Oakland Avenue, Indiana, PA 15701 without wearing a mask. (Amend. Compl. ¶ 22.) Plaintiff states that she "intends to continue to shop at the Family Video store" (Amend. Compl. ¶ 25), and absent an injunction allowing her to shop in the store without a mask, she will not be able to enjoy equal access to Family Video's goods and services in the future. (Amend. Compl. ¶ 27.)

> Specifically, Plaintiff has demanded the following injunctive and declaratory relief:
>
> Plaintiff requests that the court declare Family Video's actions to be in violation of the ADA and award her injunctive relief requiring Family Video to accommodate Plaintiff by allowing her to shop in its stores without wearing a mask so that she may enjoy the benefits, privileges, goods, services facilities, advantages, and accommodations including equal access to and enjoyment of Family Video's stores

       in the future. To affect such relief to Plaintiff, it may be appropriate for the court to provide clear protocols to all Family Video employees advising that persons who cannot wear a mask inside the store due to a disability must be accommodated. Family Video should be required to train its employees about its legal obligations and to post and disseminate notice to Family Video employees regarding their legal obligations under the ADA and the PHRA.

(Amend. Compl. ¶ 27.)

As of January 25, 2021, the Family Video store in question has ceased all operations and has been permanently closed. (Westberg Decl. ¶ 2.) All other remaining Family Video store locations have been (or imminently will be as inventory is liquidated) permanently closed as well. (Westberg Decl. ¶ 3.) To be clear, the Family Video stores are **not** temporarily shuttered due to COVID-19 related issues – the stores are permanently closed with no plans to reopen. (Westberg Decl. ¶ 4.)

With the Family Video stores now closed, no member of the public, including Plaintiff, will be able to patronize a Family Video store again, with or without a mask. Nor will Defendant have any Family Video store employees to train regarding their legal obligations. Accordingly, in light of the Family Video stores' permanent closure, the Court simply cannot grant the requested relief. Furthermore, the Court could not grant some other form of relief as "[d]amages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

"Courts have specifically found ADA cases to be moot where defendant place of public accommodation has closed with no plans to reopen." *Elguezabal v. Palmetto Plaza 1 LLC,* 2018 WL 6321644, at *2 (C.D. Cal. Apr. 27, 2018); *see e.g., Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618 (9th Cir. 2011) (affirming summary judgment for defendants "because Kohler's claims for prospective injunctive relief became moot once the restaurant ceased operation"); *Rivera v. Crema Coffee Co. LLC*, 438 F. Supp. 3d 1068, 1073-107 (N.D. Cal. 2020)

4

("Because the only remedy available to Mr. Rivera under Title III is injunctive relief, the permanent closure of the Coffeehouse renders that prospective relief moot."); *Disabled Rights Action Comm. v. Fremont St. Experience LLC*, 44 F. App'x 100, 103 (9th Cir. 2002) (claim for an injunction was "moot given that the Race Rock has gone out of business for reasons unrelated to this litigation"); *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 910 (N.D. Cal. 2019) ("the Spa's closure mooted Plaintiff's ADA claim"); *Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1209 n.2 (10th Cir. 2014) (noting that the "case is moot as to the closed store"); *Crochet v. California Coll. of Arts,* 2020 WL 1815741, at *2 (N.D. Cal. Apr. 9, 2020) (student's ADA claim related to shuttle access was mooted when the shuttle shut down indefinitely due to the COVID-19 pandemic with no fixed restart date during the student's tenure at the school).

In a case clearly distinguishable from the case at hand, one district court in the Third Circuit recently declined to dismiss an ADA claim as moot where the subject hotel had closed only temporarily due to COVID-19 related issues. *See Mortland v. Omni Pittsburgh Corp.*, 2021 WL 101560, at *1–2 (W.D. Pa. 2021). Suggesting that the ADA claim would have been dismissed as moot had the hotel been closed permanently (as is the case here) rather than temporarily, the *Mortland* court drew the following sharp distinction:

> Omni conflates the temporary closure caused by the Covid-19 pandemic with a permanent closure, such as going out of business. It is entirely possible for a person to possess an intent to patronize a hotel that is temporarily closed for repairs, or has no vacancy . . . . The temporary closure of the William Penn does not deprive him of standing.

*Id.* at *3.

Because all Family Video stores, including the store in question, have been permanently closed with no prospect of reopening, the *Mortland* decision is inapposite here. As such, the Court

5

should dismiss Plaintiff's ADA claim, Count I of the Amended Complaint, as moot because no relief is available to redress Plaintiff's alleged grievance.  !

### 2. The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's PHRA Claim

Supplemental jurisdiction in the district courts is governed by 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The statute also permits a district court to decline the exercise of supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction" (28 U.S.C. § 1367(c)(3)), unless "considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction." *Patel v. Meridian Health Sys., Inc.,* 666 F. App'x 133, 136 (3d Cir. 2016).

The Third Circuit has routinely upheld district court decisions declining to exercise supplemental jurisdiction over remaining state law claims where all federal claims had been dismissed. *See. e.g., Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (affirming district court's dismissal and stating that "the District Court plainly recognized its discretion to retain jurisdiction over Kach's remaining state-law claims but, having dismissed all of her federal claims, declined to do so for a reason that Congress explicitly green-lighted under these circumstances."); *Patel,* 666 F. App'x at 136-37 ("Given the absence of federal claims and of any extraordinary factors warranting supplemental jurisdiction, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Appellants' remaining state law claims.").

No "extraordinary factors warranting supplemental jurisdiction" over Plaintiff's PHRA claim are at play here. *See Patel,* 666 F. App'x at 136-37. Plaintiff's Amended Complaint was

filed less than two months ago, on January 19, 2021. No discovery has been taken, and no significant motion practice has taken place. Accordingly, should this Court use its discretion to dismiss Plaintiff's PHRA claim, no judicial resources would be wasted, nor would Plaintiff be prejudiced by refiling the claim in the appropriate state court.

Furthermore, district courts in the Third Circuit have declined to exercise jurisdiction over supplemental PHRA claims after dismissing the federal claims over which they had original jurisdiction, and the Third Circuit has upheld these rulings. *See e.g., Banks v. Court of Common Pleas FJD,* 342 F. App'x 818, 821 (3d Cir. 2009) ("the District Court did not abuse its discretion in refusing to exercise supplemental jurisdiction over Banks' PHRA claim once it had dismissed the claims over which it had original jurisdiction."); *Alba v. Hous. Auth. of City of Pittston*, 400 F. Supp. 2d 685, 706 (M.D. Pa. 2005) (declining to exercise supplemental jurisdiction over "Plaintiff's remaining PHRA claims . . . since neither of his federal claims, over which we have original jurisdiction, are going to proceed."); *Verdecchia v. Douglas A. Prozan, Inc.,* 274 F. Supp. 2d 712, 728 (W.D. Pa. 2003) (declining to exercise supplemental jurisdiction over Plaintiff's PHRA claim after determining it did not have jurisdiction over Plaintiff's federal civil rights discrimination claims).

Based on the foregoing, declining to exercise supplemental jurisdiction over Plaintiff's PHRA claim after dismissing Plaintiff's ADA claim as moot would be well within this Court's discretion. Defendant therefore urges the Court to dismiss Plaintiff's state law claim along with her federal claim.

Family Video's counsel conferred with Plaintiff's counsel regarding its request for dismissal by email and has an outstanding request to Plaintiff's counsel to confer by telephone. To date, however, Plaintiff has not consented to Family Video's request for dismissal.

### III. CONCLUSION

The Family Video store in question was permanently closed on January 25, 2021. All other Family Video store locations have already been closed or are in the process of closing. Because the stores have ceased operations and the public cannot access them, the requested prospective injunctive relief cannot be granted. No other form of relief is available under the ADA. Consequently, Plaintiff's ADA claim is moot and should therefore be dismissed. As no extraordinary factors warranting supplemental jurisdiction exist, this Court should also decline to exercise supplemental jurisdiction over the remaining PHRA claim pursuant to 28 U.S.C. § 1367(c)(3).

Dated: March 8, 2021

*/s/ Emily B. Thomas*
Emily B. Thomas (PA 203454)
Baker & Hostetler LLP
Cira Centre
2929 Arch Street | 12th Floor
Philadelphia, PA 19104-2891
T 713.751.1600
F 713.751.1717
ethomas@bakerlaw.com

*Attorney for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on March 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all opposing counsel of record.

>	*/s/ Emily B. Thomas*
>	Emily B. Thomas, Esq.