IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY CLARK,<br><br>                      *Plaintiff*,<br><br>v.<br><br>FAMILY VIDEO, INC.,<br><br>                      *Defendant*. | Civil Action No. 2:20-cv-886<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

      Plaintiff, Ashley Clark ("Clark"), filed this action against Defendant, Family Video, Inc. ("Family Video"), requesting damages, as well as declaratory and injunctive relief on the ground that Family Video unlawfully discriminated against her under Title III of the Americans with Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA") by prohibiting her from entering its store without a mask, despite her severe asthma. (ECF No. 15, ¶¶ 7–8, 15–30). Family Video filed a Motion to Dismiss Clark's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 18), arguing that Clark's ADA claim is constitutionally moot because the store in question (along with all other locations) is permanently closed, and that the Court should decline to exercise supplemental jurisdiction over the remaining PHRA claim. (ECF No. 19, pp. 4–7). Clark filed her Response (ECF No. 21) and Family Video filed a Reply thereto (ECF No. 22).

      Because Family Video's mootness argument is supported by and premised on the Declaration of Scott Westberg ("Westberg") (ECF No. 19-1), the Court construes Family Video's jurisdictional challenge as a factual one, in which the Court may consider evidence outside of the pleadings. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Gotha*

*v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)). Clark did not address Family Video's mootness argument in her Response, and her failure to do so is construed as a concession on this issue. *See Mirarchi v. Pa. State Police*, No. 18-286, 2018 WL 3861868, at *4 (E.D. Pa. Aug. 13, 2018) (collecting cases and construing plaintiff's failure to respond to defendants' jurisdictional arguments on Rule 12(b)(1) motion as admissions "of the validity of those arguments."). Therefore, Clark's ADA claim is constitutionally moot. Count I is hereby dismissed with prejudice.

Furthermore, the Court declines to exercise supplemental jurisdiction over Clark's PHRA claim because "considerations of judicial economy, convenience, and fairness to the parties [do not] provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Although Clark likens the procedural history of this case to that of an "obstacle course" (ECF No. 21, p. 4), the Court agrees with Family Video that the procedural posture of this case "is anything but 'extraordinary[]'" (ECF No. 22, p. 3), and Clark remains free to refile her PHRA claim in the appropriate state court without much effort. Count II is hereby dismissed without prejudice for Clark to file in state court.

AND NOW, this **26** day of April 2021, IT IS HEREBY ORDERED that Family Video's Motion to Dismiss Clark's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 18) is GRANTED in its entirety. The Clerk of Court is hereby directed to mark this CASE CLOSED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE